MEMORANDUM *
In 2009, Appellant Alliance for the Wild Rockies (“Alliance”) moved to enjoin the Forest Service from implementing the Grizzly Project based on violations of the Endangered Species Act (ESA), the National Forest Management Act (NFMA), and the National Environmental Policy Act (NEPA). The district court granted summary judgment for the Forest Service on the ESA claim but enjoined the Grizzly Project on the basis of NFMA and NEPA violations. The Forest Service later moved to dissolve the injunction on the ground that it had cured the NFMA and NEPA deficiencies previously identified by the district court. Alliance opposed the motion and reasserted its ESA claim. The district court granted the motion, finding the NFMA and NEPA deficiencies cured, declining to revisit the ESA claim, and dissolving the injunction. Alliance now appeals.
We have jurisdiction under 28 U.S.C. § 1292(a)(1). Reviewing the district court’s order dissolving the injunction for an abuse of discretion, and the legal determinations underlying the dissolution de novo, N. Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir.1992), we affirm.
“Because NFMA and NEPA do not provide a private cause of action to enforce their provisions, agency decisions allegedly violating NFMA and NEPA are reviewed under the Administrative Procedure Act (‘APA’).” Native Ecosystems Council v. U.S. Forest Serv., 428 F.3d 1233, 1238 (9th Cir.2005). Similarly, we review ESA claims under the APA standard, “[ijrre-spective of whether an ESA claim is brought under the APA or the citizen-suit provision.” W. Watersheds Project v. Kraayenbrink, 632 F.3d 472, 481 (9th Cir.2010). “Under the APA, we may set aside an agency decision if it is ‘arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.’ ” Native Ecosystems Council, 428 F.3d at 1238 (quoting 5 U.S.C. § 706(2)(A)).
Section 7 of the ESA requires all federal agencies to ensure that any agency action “is not likely to jeopardize the continued existence of any endangered ... or threatened species or result in the destruction or adverse modification of habitat of such *490 species.” 16 U.S.C. § 1536(a)(2). In carrying out this duty, “each agency shall use the best scientific and commercial data available,” id., and must consult with the Fish & Wildlife Service to determine whether a proposed action is “likely to ... adversely affect[ ]” a designated species, 50 C.F.R. §§ 402.01(b), 402.12(a).
The Forest Service did not violate the ESA in concluding that the Grizzly Project is “not likely to adversely affect” the grizzly bear population. The Forest Service relied on the Wakkinen Study, which is the best available science, and the Fish & Wildlife Service concurred in the Forest Service’s determination. While the injunction was in place, the Forest Service voluntarily revisited its conclusion that the Grizzly Project is “not likely to adversely affect” the grizzly bear, and the Fish & Wildlife Service reconcurred in the determination. Especially because this Court’s review of scientific judgments and technical analyses within the agency’s expertise is “at its most deferential,” see Great Old Broads for Wilderness v. Kimbell, 709 F.3d 836, 846 (9th Cir.2013) (citation omitted) (internal quotation marks omitted), we conclude that the Forest Service has complied with the ESA in authorizing the Grizzly Project.
The NFMA directs the Forest Service to develop a “forest plan.” See Great Old Broads, 709 F.3d at 850. A forest plan is “a broad, long-term planning document .... [that] establishes goals and objectives for management of forest resources.” Earth Island Inst. v. U.S. Forest Serv., 697 F.3d 1010, 1014 (9th Cir.2012) (citing 16 U.S.C. § 1604(g)(l)-(3)). “After a Forest Plan has been developed and implemented, the NFMA prohibits site-specific activities that are inconsistent with the governing Forest Plan.” Great Old Broads, 709 F.3d at 850; see 16 U.S.C. § 1604(i). “[T]he Forest Service’s interpretation and implementation of its own forest plan is entitled to substantial deference.” Native Ecosystems Council v. Weldon, 697 F.3d 1043, 1056 (9th Cir.2012).
Here, the Kootenai Forest Plan requires that land “[m]anagement decisions ... favor the needs of the grizzly bear when grizzly habitat and other land use values compete.” In its Draft Supplemental Environmental Impact Statement (EIS), the Forest Service enumerates multiple ways in which the Grizzly Plan “was made compatible with Grizzly Bear needs.” For example, the Forest Service explains that “timber harvests and post-harvest treatments ... would generally improve the growth of forage plants important to bears.” Further, “all harvest would occur during the bear denning period.” In its Final Supplemental EIS, the Forest Service explained that it selected the Grizzly Project over other alternatives because the Project “results in less disturbance to the grizzly bear” and “creates more core [habitat] area.” We thus conclude that the Forest Service has complied with the NFMA in authorizing the Grizzly Project.
The NEPA requires that federal agencies prepare an EIS to evaluate the impacts of, and alternatives to, any major proposed federal action that may significantly affect the environment. 42 U.S.C. § 4332(C). In preparing an EIS, agencies must consider and analyze “cumulative impacts.” 40 C.F.R. § 1508.25(c)(3); Selkirk Conservation Alliance v. Forsgren, 336 F.3d 944, 958 (9th Cir.2003). “Cumulative impact is the impact on the environment which results from the incremental impact of the action when added to other past, present, and reasonably foreseeable future actions_”40 C.F.R. § 1508.7. The agencies have “considerable discretion” to define the scope of an EIS. W. Watersheds Project v. Abbey, 719 F.3d 1035, 1046 (9th Cir.2013) (citation omitted) (internal quota *491 tion marks omitted). “Nonetheless, the agency’s choice [of geographic scope] may not be arbitrary, and it must provide a reasoned decision and support for its chosen level of analysis.” Friends of the Wild Swan v. Weber, 767 F.3d 936, 943 (9th Cir.2014). The Forest Service has provided a reasoned decision for assessing the cumulative impact of the Grizzly Project at the Bear Management Unit level, as opposed to Forest-wide. Therefore, we conclude that the Forest Service has complied with the NEPA in authorizing the Grizzly Project.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.